IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Rick Joe Ehlert, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Criminal No. 3:04-cr-164-5 |
| vs. | ) | Civil No. 3:08-cv-102 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

### Memorandum Opinion and Order

Before the Court is a motion by petitioner, Rick Joe Ehlert ("Ehlert"), pro se, pursuant to 28 U.S.C. § 2255 (doc. #216).[1] For reasons set forth below, the motion is **DENIED.**

### I.  BACKGROUND

On February 17, 2005, the Government filed a superseding indictment with the Court charging Ehlert with the following Counts:  1) knowingly and intentionally conspiring to possess with intent to distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846; 3) possession with intent to distribute approximately three pounds of mixture and substance containing a detectable amount of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. §

---

[1] All citations to the record are to the criminal docket, case no. 3:04-cr-164-5.

1

2; 5) possession with intent to distribute approximately 93 pounds of marijuana, a schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1); and 9) use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (doc. #1).  The jury found Ehlert guilty on all four counts on June 1, 2005 (doc. #139).

After he was convicted, Ehlert entered into a cooperation agreement with the United States whereby the Government agreed to file a motion for downward departure pursuant to 18 U.S.C. § 3553(a) and U.S. Sentencing Guidelines Manual § 5K1.1 if Ehlert provided substantial assistance to the Government.  The Court, considering the above, sentenced Ehlert on June 19, 2008 to 148 months imprisonment, five years supervised release, and a special assessment of $100 for each of the four counts (doc. #214).[2]

Ehlert has now filed a petition under 28 U.S.C. § 2255.  He asserts that he received ineffective assistance of counsel, that his decision to enter the cooperation agreement was the result of coercion and duress, that his attorney failed to raise objections to the presentence report regarding enhancements, and that the Court abused its discretion by providing an improper jury instruction.

---

[2] The 148 months imprisonment consisted of 88 months on Counts 1 and 3, 60 months on Count 5 to run concurrent with Counts 1 and 3, and 60 months on Count 9 to run consecutive to Counts 1, 3, and 5.

**II.   DISCUSSION**

Ehlert waived his right to file post-conviction relief in his cooperation agreement.  An agreement provision that contains a waiver of appeal and habeas corpus rights is enforceable provided such waiver is knowing and voluntary.  United States v. DeRoo, 223 F.3d 919, 923 (8th Cir. 2000)(citing United States v. His Law, 85 F.3d 379 (8th Cir. 1996)).  However, such waivers are not absolute.  Id.  A defendant, for instance, cannot waive his right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement.  Id.  A defendant also cannot waive his right to claim ineffective assistance of counsel.  Id. at 924.

**A.   Ineffective Assistance of Counsel**

"A defendant faces a heavy burden to establish ineffective assistance of counsel pursuant to section 2255."  Id. at 925. First, the petitioner must show his attorney's representation was deficient and, second, he must show that the attorney's deficient performance prejudiced his case.  Id.  The reasonableness of counsel's conduct is judged at the time of the challenged conduct.  Strickland v. Washington, 466 U.S. 668, 690 (1984). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ."  Id.  In this case, Ehlert claims both of his attorneys, Ross Brandborg and Dennis Fisher, did not satisfy this test.

**1.   Attorney Brandborg**

Ehlert alleges his first attorney, Ross Brandborg, failed to provide effective assistance because it was his first federal trial proceeding and he neglected to prepare any type of strategic defense.  Specifically, Ehlert claims his attorney failed to file motions, including a motion to suppress the firearm evidence in the case, and he failed to properly object to prosecutorial misconduct and improper jury instructions.

As discussed below, the Court does not find the petitioner's counsel deficient, but even if he was deficient, the petitioner suffered no prejudice as a result of that deficiency.

The Court first notes its respect of Attorneys Brandborg and Fisher.  Each are intelligent, hard-working, and capable attorneys.  While Ehlert is correct that Brandborg did not have federal trial experience, this alone does not mean his performance as counsel was deficient.  United States v. Cronic, 466 U.S. 648, 655 (1984) ("The character of a particular lawyer's experience may shed light in an evaluation of his actual performance, but it does not justify a presumption of ineffectiveness in the absence of such an evaluation").

Ehlert argues that Brandborg failed to file a motion to apply for an investigator, or to file a motion for suppression of the firearm.  While Brandborg has a duty to make reasonable investigations, he did not violate this duty.  Bell v. Attorney

General of Iowa, 474 F.3d 558, 561 (8th Cir. 2007) (holding that petitioner could not cite any authority that imposes a duty on counsel to file a motion to suppress in the situation). Brandborg prepared and proceeded with a professional and effective defense. Ehlert cannot show that a more thorough investigation would have revealed evidence changing the outcome of the case. United States v. Purkett, 15 F.3d 785, 789-90 (8th Cir. 1993). Ehlert also cannot show that the motion to suppress the firearm would have been successful. Thus, even if Brandborg was deficient in failing to file the motions, Ehlert suffered no prejudice because there is no reasonable probability that these motions would have been successful. DeRoo, 223 F.3d at 926.

Ehlert also claims that Brandborg was ineffective because he failed to object to an improper jury instruction. The instruction dealt with brandishing or using a firearm in the commission of the crime. Typically, an instruction must fairly and adequately submit the issues to the jury. United States v. Garcia-Gonon, 433 F.3d 587, 591 (8th Cir. 2006). The district court has broad discretion when it instructs the jury, and its given instructions need not be technically perfect. Id. In this case, the Court's instruction was legally accurate to inform the jury of the issues. See Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 6.18.924c (2008). Moreover, the Court did not impose any

enhancement in Ehlert's sentence based on brandishing a firearm; to the contrary, the Court expressed its specific intention not to do so at sentencing because the evidence at trial did not support such an adjustment.  Thus, the Court applied the lesser enhancement of "use" of a firearm.  Accordingly, Ehlert cannot show that he was prejudiced by the instruction or Brandborg's failure to object to it.

### 2. Attorney Fisher

Ehlert also claims he was sentenced to more than twice the time quoted by his second attorney, Dennis Fisher.  Ehlert argues that Fisher erroneously advised him to sign a motion vacating his prior jury trial proceeding, and to enter a guilty plea agreement.  Fisher allegedly coerced Ehlert into entering the cooperation agreement.  Also, Fisher's alleged failure to raise objections pursuant to Federal Rule of Criminal Procedure 32 will be discussed in this context.  Furthermore, Ehlert claims that Fisher failed to object to improper jury instructions of the Court.  Finally, Ehlert believes that Fisher was suffering from physical and mental incapacities, which constitutes ineffective assistance.

First, Ehlert claims he was told by Fisher that he would receive sixty months in prison if he signed the agreement, and he ultimately received more than twice that amount.  Assuming the allegations are true, they change nothing.  Defendants always

make difficult decisions when signing cooperation agreements, including abandoning potential defenses and arguments. See United States v. Newson, 46 F.3d 730, 733 (8th Cir. 1995). This is why "[t]he plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom." United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992). Ehlert was provided ample opportunity to voice any objection he had at sentencing, and he failed to do so even upon the Court's urging, aside from arguing the merits of his sentence. The Court explained the law to Ehlert at the time, and despite his renewed objection now that is veiled as an ineffective assistance of counsel claim, the Court again advises that it is Congress's direction as to the penalties provided under the law in this area.

However, Ehlert fails to show how the disparity in sentencing was his attorney's fault. It is the Court's discretion to impose the sentence, free of the cooperation agreement entered into by Ehlert and the Government. The fact that he entered into the cooperation agreement on Fisher's advice only served to help Ehlert, which was specifically noted by the prosecutor, as he noted that "Mr. Fisher [has] advocated for his client." Transcript of Sentencing Proceeding at 29. The Court further noted how "extraordinary" it was for the prosecutor to provide such a generous cooperation agreement for a person who

has gone to trial such as Ehlert.  <u>Id.</u> at 45.  The Court even noted that in its long history on the bench, it has never seen this situation before and Fisher did a "tremendous job" putting together this agreement.  <u>Id.</u> at 45-46.

The Court stands by these comments, acknowledging once again that the total term of 148 months was much lower than Ehlert's sentence would have been otherwise had the cooperation motion not been filed, particularly where he was facing two minimum mandatory sentences that would have to be imposed without the motion.  Considering the above, Ehlert can show no prejudice resulting from his attorney's actions.  <u>DeRoo</u>, 223 F.3d at 926.

The Court likewise stands by its above analysis regarding an attorney's failure to file objections.  Ehlert asserts that Attorney Fisher failed to prepare a proper sentencing memorandum and failed to object to jury instructions.  Once again, Ehlert cannot show that his case would have changed had these actions been taken in his desired manner.  Fisher vigorously argued at sentencing for application of a lower guideline range and a consideration of sentencing parity between Ehlert and his co-defendants.  The Court ultimately disagreed with these suggestions and sentenced Ehlert in a manner appropriate with the applicable guidelines and the cooperation agreement.  Ehlert cannot show that his attorney's performance was deficient simply because the Court rejected his arguments.

Finally, Ehlert alleges that Fisher's "physical and mental incapacities" constituted ineffective assistance of counsel. While it is true that Fisher has since been disbarred for certain personal issues, Ehlert has no support for the proposition that his case was affected in any way.  His conclusory allegations are simply insufficient to establish an ineffective assistance of counsel claim.  <u>See</u> <u>United States v. Johnson</u>, 582 F.2d 1186, 1188 (8th Cir. 1978) ("In the absence of any such specific allegations, [petitioner's] claim for relief must be denied."). As discussed above, both the Court and the prosecutor expressed nothing but respect and admiration for Fisher's work on this case, and there is no suggestion establishing otherwise, despite Ehlert's bare assertions.

**B.   Prosecutorial Misconduct**

Ehlert also argues that the prosecutor engaged in misconduct by forcing him to enter into the cooperation agreement.  This claim largely duplicates his argument relating to Attorney Fisher, and accordingly, the Court defers to its comments above as they apply to the prosecutor.  The Court does note, however, its continued confusion over Ehlert's allegations regarding the effect of the cooperation agreement.  As stated above, Ehlert was facing two minimum mandatory sentences, which could not be lowered without the cooperation agreement.  The Court again reinforces its view that the prosecutor was helpful and generous to Ehlert by providing the cooperation agreement after the guilty verdict, which substantially lowered his sentence.  Once again,

Ehlert's disagreements over the law regarding drug conspiracies and firearm enhancements are misdirected within his current motion.  These arguments do not provide for the relief possible under this 2255 motion.

### III. CONCLUSION

In conclusion, Ehlert has failed to demonstrate that his counsels' performance was in any way deficient.  To the contrary, the record reflects, and the Court finds, that he was effectively represented by two highly qualified attorneys.  Ehlert has also failed to affirmatively demonstrate that he was in any way prejudiced and that the results would have been different.  By all accounts, the evidence against Ehlert was overwhelming, and the jury accordingly found him guilty.

**IT IS SO ORDERED**.

Dated this 24th day of November, 2008.

*[signature]*
RODNEY S. WEBB  District Judge
United States District Court